UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

SYED GHAFFAR,　　　　　　　　　　　　　　Case No.: _____

　　　　Plaintiff,
v.

CREDIT CORP SOLUTIONS, INC,

　　　　Defendant.
_____/

# NOTICE OF REMOVAL

Defendant, CREDIT CORP SOLUTIONS, INC ("Credit Corp"), removes the action pending in the County Court in and for Broward County, Florida, Case No. COCE-21-038842, styled *Syed Ghaffar v. Credit Corp Solutions, Inc*. Removal is based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Federal question jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

## I.　　Background and Compliance

On or about July 9, 2021, Plaintiff, SYED GHAFFAR ("Ghaffar") commenced an action by filing a complaint in the County Court in and for Broward County, Florida, Case No. COCE-21-038842, styled *Syed Ghaffar v. Credit Corp Solutions, Inc*. ("State Court Action"). On July 16, 2021, Credit Corp was served with the complaint. Ghaffar's complaint alleges causes of action under the FDCPA and the Florida Consumer Collection Practices Act ("FCCPA"). Credit Corp has not filed an answer or otherwise responded to Ghaffar's complaint. As of the date and time of filing of this Notice of Removal, a motion for extension of time is pending, but no hearings have been set, and trial has not been scheduled in the State Court Action.

Credit Corp seeks to remove Ghaffar's complaint to the United States District Court for the Southern District of Florida. Credit Corp's notice of removal is timely pursuant to 28 U.S.C. § 1446(b). Specifically, Credit Corp's deadline to remove the action is August 16, 2021, thirty (30) days from the date of service of the complaint. *See* 28 U.S.C. § 1446(b); *Bailey v. Janssen Pharmaceutical, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008).

Pursuant to 28 U.S.C. § 1446(a), Credit Corp attaches hereto as **Composite Exhibit A**, a copy of the state court file in this action, including copies of all process, pleadings, orders and other papers or exhibits of every kind. Credit Corp represents that it will file with the Clerk of the County Court in and for Broward County, Florida, a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d), and will give written notice thereof to Ghaffar.

Pursuant to 28 U.S.C. § 1441(a) and Local Rule 3.1, venue properly rests in the Fort Lauderdale Division of the United States District Court for the Southern District of Florida, as this action is being removed from the County Court where it was originally filed in Broward County, Florida.

## II.     Grounds for Removal

The above described action is a civil action in which this court has original jurisdiction under the provisions of 28 U.S.C. § 1331, and is one which may be removed to this Court by Credit Corp pursuant to the provisions of 28 U.S.C. § 1441. Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." A case is deemed to arise under "the law that creates the cause of action." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983) (*quoting American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)); *Provident Life & Accident Ins. Co. v. Waller*, 906 F.2d 985, 988 (4th Cir.); *West 14th Street Commercial Corp. v. 5*

*West 14th Owners Corp.*, 815 F.2d 188, 192 (2d Cir.); *White v. Matthews*, 420 F. Supp. 882, 887 (D. S.D. 1976).  In other words, a claim gives rise to federal jurisdiction if it is "founded directly upon federal law." *Robinson v. Wichita Falls & North Texas Community Action Corp.*, 507 F.2d 245, 249 (5th Cir. 1975).

      Here, Ghaffar's complaint gives rise to federal jurisdiction through allegations that Credit Corp allegedly violated FDCPA.  Specifically, Ghaffar claims Credit Corp violated FDCPA by transmitting account information to an unknown third-party for the alleged preparation of a letter.  Affixed to the Complaint, Ghaffar attached a Notice of Assignment ("Notice") that was mailed to his attention, which he asserts is a "collection letter" despite it explicitly stating it was simply being provided to "…advise…that [Credit Corp] has recently acquired all rights, title and interest in the above referenced account…."  In support of his allegations that information was transmitted to a third-party, Ghaffar points to the fact that the Notice "contains a bar code and/or Quick Response ("QR") code…."  Ghaffar claims the alleged transmission of his personal information to a third-party for the generation of the Notice violated § 1692c(b) of the FDCPA.  Since the analysis of the claims hinge on the interpretation and intentions of the FDCPA, removal is appropriate given that cause of action arise under the laws of the United States.  *See* 28 U.S.C. § 1331.  It is undisputed that Ghaffar's claim is based on federal law and this Court should accept jurisdiction over the case.

(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

### III. Conclusion

Removal of this case is timely and appropriate, and this Court has federal question and supplemental jurisdiction over this action. Credit Corp respectfully requests that this Court take jurisdiction over this matter and remove this action from the County Court in and for Broward County, Florida, to the United States District Court for the Southern District of Florida.

Dated: August 11, 2021

Respectfully submitted,

**BLANK ROME LLP**
500 E. Broward Blvd., Suite 2100
Ft. Lauderdale, FL 33394
Telephone: 954-512-1805
Facsimile: 954-512-1775
E-Service: BRFLeservice@BlankRome.com

*/s/ Nicole R. Topper*
NICOLE R. TOPPER
Florida Bar No. 558591
NTopper@BlankRome.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed this 11th day of August, 2021, with the Clerk of the Court by using the CM/ECF System, and served by e-mail to Counsel for Plaintiff: Thomas J. Patti, Esq., The Law Offices of Jibrael S. Hindi, 110 SE 6th St., Suite 1744, Ft. Lauderdale, FL 33301 (tom@jibraellaw.com and jibrael@jibraellaw.com).

*/s/ Nicole R. Topper*
NICOLE R. TOPPER
Florida Bar No. 558591
NTopper@BlankRome.com